Earle, J.,
delivered the opinion of the Court.
The points presented in these two cases are the same, and they will therefore be considered together.
The defendants in both cases were brought up before a Judge at Chambers on habeas corpus. The cause shown in each case, on the return of the writ, was a warrant of commitment, under the seal of a justice of quorum. In the case of Everett, the charge was stated, that the defendant was “ charged before A. H. Brown, on the oath of A. Gibson, from circumstances, with larceny of bank bills of the Union Bank of Florida, valued at seventy dollars, there being other bills lost, and one fifty dollars and one twenty dollar bill being found on the person of the said Everett.” In Potter’s case, that he was “ charged before me upon the oath of Captain Boss, with having committed larceny.” Both warrants commenced and concluded in legal forms, and in every other particular were technically correct. In the case of Everett a motion was made, on the return of the writ, for his discharge, on the ground that the warrant contained no direct and certain charge of felony or any other offence; and in. the case of Potter, a like motion was made on the ground, that the charge in the warrant was uncertain and insufficient; and both defendants were discharged, not from confinement on bail for their appearance, but were set at liberty, to go without day.
*299 No decision that can be made by this Court, will recapture the defendants, and bring them to justice. But it has been urged upon us by the attorney-general, to express an opinion which may prevent their former discharge from being urged in their behalf, in case they should be retaken, and may serve to guide magistrates in like cases.
At this day, one would hardly suppose that a question could arise on the subject of proceedings under the habeas corpus Act, and yet there does seem to be a popular misapprehension in relation to them, indicating a belief that the habeas corpus Act is a sort of universal relief law — a summary general jail delivery.
The object of the statute was to provide a mode of relief from unlawful imprisonment; a confinement without lawful warrant, without legal cause, on vague, indefinite and uncertain charges. But the protection intended by the Act, goes no farther than an enlargement on bail for the appearance of the prisoner at the next sessions; and it is not every prisoner that can claim even this enlargement ex debito justifies. Under the Act, in the very section which provides for issuing the writ, an important exception gives character to the whole proceeding — “ unless the commitment aforesaid were for treason or felony, plainly and specially expressed in the warrant of commitment,” on the return of the writ, with the cause of the detention, the judge “ shall discharge the said prisoner from his imprisonment, taking his recognizance for his appearance, with one or more surety or sureties in any sum according to his discretion,” &c., “ unless it shall appear that the party so committed is retained upon legal process, order, or warrant out of some Court that hath jurisdiction of criminal matters, or by some warrant, signed and sealed by some justice of the peace, for such matters or offences, for the which, by the law, the prisoner is not bailable.” The object, therefore, is to ascertain the cause of arrest and imprisonment, and to obtain bail if the offence be one for which bail can be allowed. Grand larceny is a felony, for which bail is not granted of course, and I apprehended few cases can be found since the case of-in Lord Mansfield’s time, where one caught with the stolen goods upon him, has not been committed to jail.
In the cases before us, the warrants do contain an explicit *300 charge of a distinct and specified offence. In the case of Everett, it is for “ felony plainly and specially expressed,” for which by the law the prisoner was not bailable, stating in fact that he had the stolen goods upon him. By virtue, therefore, of any powers delegated by the habeas corpus Act, such a person could not be bailed, much less released and set at liberty to go without day.
In the case of Potter, the charge is — that the prisoner had committed larceny, without any facts or circumstances to show whether it was grand or petit larceny. In such cases, in favor of liberty, without more appearing from the depositions of examinations, I should regard it as a charge of petit larceny and admit to bail. Potter, therefore, should have been bailed, but not released. We think the warrants of commitment are sufficiently certain in both cases. It is a great mistake to suppose that a warrant for apprehension or a warrant of commitment, need contain any statement at all, for the evidence on which it is founded, or need enumerate any of the facts and circumstances accompanying the offence. There are several high authorities that it need not even contain a specification of the particular offence. But the better opinion, as well as the general and approved practice, is that it should state the offence with convenient certainty, that it should not be for felony generally, but should contain the special nature of the felony. As for felony of the death of J. S., or burglary in breaking the house of J. S. But supposing the offence to have been described with too little certakity, it should have only been regarded as good cause for admitting the party to bail.
Independently, however, of the habeas corpus Act, the Court of sessions, by virtue of its general powers in criminal matters, may in term time or at Chambers, admit a prisoner to bail, in all offences and felonies whatever. It is a great power, and is to be exercised with discretion. But, said Lord Mansfield on an application for bail in a celebrated case, “ discretion when applied to a Court of justice, means soijnd discretion guided by law; it must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular.” And here it may not be amiss to show the practice of the English Courts on this subject.
One came up on habeas corpus, charged with a commit. *301 meat for robbery on the highway; the prosecutor attending insisted he was the man, and although eight affidavits of credible persons, proving him to be at another place at the time of the robbery, were read, yet the Court refused to admit him to bail, and remanded him until the assizes; 2 Strange, 1138.
But the Court will look into the depositions, and bail accordingly; and if committed for manslaughter, yet if the depositions made it murder, the Court will not bail, and e converso. Ibid. 1242.
And in Rex vs. Juda, 2 T. R. 225, the discharge of the prisoner was moved for, because the word “ feloniously” was omitted in the commitment, which was for a statutary offence, stating the circumstances supposed to create the offence. Ashhurst, J., said, “ unless it appears on the face of the commitment itself, that the defendant is charged with a felony, we are bound by the habeas corpus Act to discharge him, taking such bail as we shall think fit according to the circumstances of the case and Croze, J., — “ it would be sufficient if upon the facts stated they could not but see that the act was feloniously committedin that case the circumstances did not amount to a charge of felony, and they bailed him.
But in the King vs. Marks, 3 East, B. 157, et al., where the warrant of commitment contained an insufficient statement to constitute felony, and the depositions were very full, and stated the offence with sufficient precision, the Court refuse to bail and remanded.
In the exercise of' this general power, which in England appertains to the Court of King’s Bench, and here to the Court of general sessions, there is no doubt that a judge, before whom a prisoner is brought, will look beyond the commitment, if necessary, and will bail, or remand, according to circumstances. And in admitting to bail, he should pay due regard to the statute for regulating bail, and should not admit to bail a person who is there expressly declared to be debarred from it, without some particular circumstances in his favor. He should not undertake to determine fully upon the guilt of a prisoner, and set him at liberty without bail and without day, however imperfectly the offence may have been charged in the commitment, or however strong the circumstances in his favor, proved by affidavits, or collected *302 from the examination. Such a power does not exist in any judge, in term time,'or at Chambers, where any offence at all is alleged; such a power would be superior to the laws, wherever lodged. It would to all purposes be a dispensing power, as effectual and as dangerous as any that has been claimed or exercised under the most arbitrary government.
"We are constrained, therefore, to say that his Honor who heard the motions at Chambers exceeded his powers and decided erroneously, when he discharged the prisoners without trial, without bail and without Hay; that in the utmost latitude of his discretion, he should only have admitted them to bail; and as to Everett, that in the exercise even of that discretion, he should not have been bailed without strong circumstances in his behalf, shown by affidavit.
So far as regards the prisoners, if proceedings against them should go on, the orders to discharge them, and the other orders, are set aside and annulled.